UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RANDY SCULLY,** | : | CASE NO. 5:23-cv-269 |
| Plaintiff, | : | JUDGE |
| v. | : | |
| **C&C NATIONWIDE TRANSPORTATION, INC.,** | : | **PLAINTIFF'S COMPLAINT** |
| and | : | |
| **LESLIE CANTU** | : | |
| and | : | |
| **JOSEPH CANTU** | : | |
| Defendants. | : | |

COMES NOW Plaintiff Randy Scully ("Plaintiff"), by and through his undersigned legal counsel, and for his Complaint against Defendants C&C Nationwide Transportation, Inc. ("C&C"), Leslie Cantu, and Joseph Cantu, (collectively, "Defendants") alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. He is a former employee of Defendants.

2. Defendant C&C is a Florida, For-Profit Corporation with its principal place of business located at 4584 County Road 386 N, Wewahitchka, FL 32465.

3. Defendant Leslie Cantu is the President of C&C and is a resident of Florida.

4. Defendant Joseph Cantu is the Manager of C&C and is a resident of Florida.

5. The Court has jurisdiction over Plaintiff's Complaint because his claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

6. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with his federal claims.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein, Defendants have sufficient contacts within Ohio, and Defendants are otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

8. Defendant C&C is a freight shipping company that transports items nationwide. Most, if not all, of these items are beehives and other apiary items.

9. Defendant C&C maintains facilities in Muskegon, Michigan and Wewahitchka, Florida.

10. Plaintiff was employed by Defendants from January 11, 2022, to July 4, 2022, as a Truck Driver.

11. At all times relevant, Plaintiff only completed routes for Defendants and did not contract with other companies.

12. During Plaintiff's employment, Defendants were responsible for accepting and scheduling all of Plaintiff's designated routes. Most, if not all, of these routes were interstate.

13. During Plaintiff's employment, Defendants provided Plaintiff with a company vehicle to complete the designated routes for Defendants.

14. Defendants have directed Plaintiff to use different company vehicles depending upon the loads that Defendant booked for Plaintiff.

15. Defendants required Plaintiff, and upon information and belief, all of their truck drivers, to use "Trucking Office" to track the time that Defendants' trucks were on the road and to do the required taxes.

16. Defendants agreed to compensate Plaintiff by the load that Defendants booked. Initially this agreement was at twenty-five percent (25%) of the load, but this percentage rose to thirty percent (30%) of the load during his employment with Defendants.

17. Defendants required Plaintiff, and upon information and belief, all of their truck drivers, to keep the company vehicles in driving condition.

18. During Plaintiff's employment, Defendants reimbursed Plaintiff for costs he incurred, including fuel, tools of the trade, and equipment.

19. To ensure that Plaintiff competently transported the beehives and other apiary items, Defendants provided Plaintiff with beekeeper training.

20. Defendants have failed and refused to fully compensate Plaintiff for the work he performed during his employment.

21. Plaintiff remains uncompensated for the wages he earned during his employment with Defendants.

22. Defendants have failed to fully reimburse Plaintiff for the costs he incurred during his employment.

23. Plaintiff remains unreimbursed for costs he incurred in the performance of his employment.

24. Upon information and belief, Defendants Leslie and Joseph Cantu are responsible for the pay practices complained of herein.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act

**(As to All Defendants)**

25. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing and refusing to compensate Plaintiff under the required minimum wage.

26. 29 U.S.C. § 206(a) requires employers to pay each employee the federal minimum wage.

27. Defendants are "employers" within the meaning of the FLSA.

28. Plaintiff is an "employee" within the meaning of the FLSA.

29. Defendants have failed, in numerous pay periods, to remit the federal minimum wage to Plaintiff for hours worked.

30. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count II: Violation of Ohio Revised Code § 4111.01, *et. seq.*

**(As to All Defendants)**

31. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated the Ohio Rev. Code § 4111.02 by failing and refusing to compensate Plaintiff the required minimum wage.

32. Ohio Rev. Code § 4111.02 requires employers to pay each of their employees at a wage not less than the wage rate specified in Section 34a of Article II, Ohio Constitution.

33. Defendants are "employers" under Ohio law.

34. Plaintiff is an "employee" under Ohio law.

35. Defendants have failed, in numerous pay periods, to remit the state minimum wage to Plaintiff for hours worked.

36. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count III: Violation of Ohio Revised Code § 4113.15(B)

### (As to Defendant C&C)

37. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendant C&C violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiff in a timely fashion.

38. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

39. Defendant C&C has failed and refused to fully compensate Plaintiff for the work he performed for Defendants.

40. As a direct and proximate result of Defendant C&C's unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count IV: Breach of Express Contract

**(As to Defendant C&C)**

41. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

42. At all times relevant, there was an express contract between Plaintiff and Defendant C&C whereby Plaintiff would transport items interstate at the direction of Defendants in exchange for twenty-five percent (25%), which increased to thirty (30%), of the load Plaintiff transported.

43. Defendant C&C has failed and refused to fully compensate Plaintiff for the work he performed, breaching the express contract between Plaintiff and Defendant C&C.

44. As a direct and proximate result of Defendant C&C's breach of the express contract, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

## Count IV: Breach of Implied Contract

**(As to Defendant C&C)**

45. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

46. In the alternative, if there was no express contract between the parties, there was an implied contract between Plaintiff and Defendant C&C whereby Plaintiff would transport items interstate at the direction of Defendants in exchange for twenty-five percent (25%), which increased to thirty (30%), of the load Plaintiff transported.

47. Plaintiff reasonably expected that Defendant C&C would compensate him for the work he performed, because Defendant C&C had previously compensated Plaintiff for the work he performed.

48. Defendant C&C has failed and refused to fully compensate Plaintiff for the work he performed, breaching the implied contract between Plaintiff and Defendant C&C.

49. As a direct and proximate result of Defendant C&C's breach of the implied contract, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count V: Quantum Meruit

### (As to Defendant C&C)

50. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

51. In the alternative, if there was no enforceable contract between the parties, Plaintiff is entitled to recovery of the unpaid compensation as Defendant C&C would incur an unjust benefit if it does not fully compensate Plaintiff for the work he performed.

52. Plaintiff conferred a benefit upon Defendant C&C when Plaintiff completed the routes that Defendants booked.

53. Defendant C&C knew that Plaintiff conferred this benefit as Plaintiff completed the routes and Defendants continued to book routes for Plaintiff.

54. Defendant C&C retained the benefit that Plaintiff had conferred but has failed and refused to fully compensate Plaintiff for the work he performed.

55. Because Defendant C&C knowingly retained this benefit under circumstances where it would be unjust to do so without compensating Plaintiff, Defendant C&C incurred an unjust benefit.

### Count VI: Unjust Enrichment

### (As to Defendant C&C)

56. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

57. In the alternative, if there was no enforceable contract between the parties, Plaintiff is entitled to recovery of the unpaid compensation as Defendant C&C would be unjustly enriched if it does not fully compensate Plaintiff for the work he performed.

58. Plaintiff conferred a benefit upon Defendant C&C when Plaintiff completed the routes that Defendants booked.

59. Defendant C&C knew that Plaintiff conferred this benefit as Plaintiff completed the routes and Defendants continued to book routes for Plaintiff.

60. Defendant C&C retained the benefit that Plaintiff had conferred but has failed and refused to fully compensate Plaintiff for the work he performed.

61. Because Defendant C&C knowingly retained this benefit under circumstances where it would be unjust to do so without compensating Plaintiff, Defendant C&C was unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby demands judgment against Defendants as follows:

1. Judgment that Plaintiff is an employee entitled to protection under the FLSA and Ohio state law;

2. Judgement against Defendants for violation of the minimum wage provisions of the FLSA and Ohio state law;

3. Judgment that the Defendants' violations of the FLSA were willful;

4. Judgement against Defendant C&C for its' breach of contract;

5. An award to Plaintiff in the amount of Defendant C&C's breach of contract;

6. An award to Plaintiff for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of post-judgment interest;

8. An award of reasonable attorneys' fees and costs; and

9. For such other and further relief, in equity, as this Court may deem appropriate.

>  */s/ Christopher P. Finney*
>  Christopher P. Finney (0038998)
>  FINNEY LAW FIRM LLC
>  4270 Ivy Pointe Blvd., Ste 225
>  Cincinnati, Ohio 45245
>  (513) 943-6655
>  Fax: (513) 943-6669
>  chris@finneylawfirm.com
>  *Counsel for Plaintiff*